

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 27 2021

CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | | |
|---|---|---|
| GARY WAYNE WILLOUGHBY, TDCJ-CID No. 01473082, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:19-CV-087-Z-BR |
| LORIE DAVIS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION DENYING PLAINTIFF'S MOTIONS FOR INJUNCTION RELIEF, TEMPORARY RESTRAINING ORDERS, HEARING, SPOLIATION, RECUSAL OF MAGISTRATE JUDGE, AND OBJECTIONS TO PRIOR ORDERS

This matter comes before the Court on Plaintiff's multiple requests for preliminary and permanent injunctive relief (ECF Nos. 2, 28) and his multiple requests for temporary restraining orders ("TROs") (ECF Nos. 3, 5, 29, 34, 37), as well as his motion for hearing on these requests (ECF No. 41), his Motion for Protective Order and Return of Property (ECF No. 37), Motion for Spoliation (ECF No. 42), and his motion to recuse the Magistrate Judge (ECF No. 44) and his objections to the Magistrate Judge's prior orders (ECF No. 46). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's motions are all **DENIED**.

### FACTUAL BACKGROUND

By his original Complaint, Plaintiff asserts that Defendants conspire and retaliate against inmates on the TDCJ Clements Unit for inmate's exercise of their rights to access the courts. ECF No. 1, at 5. Specifically, Plaintiff challenges actions taken by Defendants regarding confiscation

of legal materials and indigent supplies, and improperly restrict inmates from assisting each other

in legal proceedings. *Id.* Plaintiff complains of TDCJ's "40-year-old" property policy. *Id.* at 5-6.

Plaintiff seeks TROs, and preliminary and permanent injunctive relief to prevent Defendants from

denying Plaintiff adequate access-to-the-courts from these actions. *See id.* at 7; *see also* ECF Nos.

2, 3, 5, 28, 29, 34, 37.

### LEGAL STANDARD

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. Absent notice

and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party

for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If a plaintiff's request for restraint extends

beyond this period, then the Court may construe his requests as a motion for a preliminary

injunction; as such, Plaintiff must satisfy the substantive requirements for a preliminary injunction

in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Here,

Plaintiff's requests for a TRO (ECF Nos. 3, 5, 29, 34, 37) all require restraint beyond a 14 day

period and, as such, should be analyzed together with his requests for injunctive relief under the

same standards.

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or

her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT &

ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary

injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a

substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury

if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4)

that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country,*

*Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an

2

extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

Additionally, for a permanent injunction to issue, Plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

### ANALYSIS

### TROs AND INJUNCTIVE RELIEF

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state civil commitment1 facility, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White*, 862 F.2d at 1211.

In conducting the four-part analysis under Federal Rule of Civil Procedure 65(a), the Court first looks to the likelihood of Plaintiff prevailing on the merits of his underlying case. Plaintiff must prevail on *all four* factors to merit injunctive relief.

As to the merits of Plaintiff's retaliation and access-to-the-courts claims, Plaintiff is unlikely to prevail on the merits of these claims. The wrongful confiscation of Plaintiff's legal materials does not amount to a "condition of confinement so serious as to deprive him of the minimal measures of life's necessities" and therefore is unlikely to present an independent constitutional claim. *See Wilson v. Lynaugh*, 878 F.2d 846, 848 (5th Cir. 1989)).

Prison officials may not retaliate against an inmate for exercising his right of access-to-the-courts or complaining to a supervisor about a prison employee or official. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To prevail on a retaliation claim, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "*but for* the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (emphasis added, internal citations omitted), *cert. denied*, 522 U.S. 995 (1997). Conclusory allegations of retaliation are insufficient to defeat a summary judgment motion. *Woods*, 60 F.3d at 1166. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted).

4

Here, Plaintiff's allegations are entirely conclusory and fail to allege a chronology of events that establish retaliation for the filing of lawsuits and/or grievances by inmates. Rather, Plaintiff appears to simply allege that the seizure of legal property as the result of old and outdate property policies and inadequately training prison staff constitutes retaliation by default of the fact that he has pursued legal remedies. *See* ECF No. 1 at 5-7.

An inmate's right of access to court is not absolute. The Supreme Court recently noted some of the limits on the right of access to court:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of thier confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). Prison officials may place reasonable limits on the right. *See Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989). Restrictions may be imposed for security reasons. *See Procunier v. Martinez*, 416 U.S. 396, 412 (1974), *overruled on other grounds*, *Thornburg v. Abbott*, 490 U.S. 401 (1989). "[I]ndigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. Prison officials, however, are obligated to provide only reasonable amounts of such supplies. *Id.* at 825. For example, a prisoner does not have a basis for a civil rights lawsuit when he requested 100 sheets of paper a week and received only 75 sheets. *Felix v. Rolan*, 833 F.2d 517, 518 (5th Cir. 1987).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403,

5

415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.* There is no constitutional violation when a prisoner has time to submit legal documents in a court despite impediments caused by officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

By his motions, Plaintiff also fails to demonstrate that a specific injury will occur if the Court fails to restrain Defendants' behavior. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland v. America Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir. 1985). It is improper for the Court to consider past and not future harm in conducting this analysis. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 (1983) (emotional consequences of previous actions are insufficient basis for injunctive relief).

Here, although in his request to amend his complaint (ECF No. 48) Plaintiff alleges that another case in this division was dismissed as the result of Defendants' seizure of his legal materials, these allegations are not supported by the record. In fact, Plaintiff asserts his legal property was seized and he was unable to complete the Briefing Order Questionnaire required by the Magistrate Judge's Order in case number 2:19-CV-142-M-BR. *See* ECF No. 48. However, Plaintiff was ordered on the same dates (Plaintiff was given two opportunities in each case to respond in each case) to complete a Briefing Order Questionnaire in this case and the dismissed case (ECF Nos. 22 and 25). Plaintiff was able to submit the Briefing Order Questionnaire, untimely, in this case following an interlocutory appeal he took of the Magistrate Judge's orders (ECF Nos. 33, 27). Clearly, Plaintiff was able to maintain possession of his Questionnaire in this

6

case and it does not logically follow that the Plaintiff's other case was dismissed for any legal materials seizure that would have occurred in the same time period and certainly does not logically follow that Plaintiff was the subject of retaliation by the Defendants during any alleged seizure of his legal materials. Plaintiff's claims are factually frivolous in this regard. Plaintiff's failure to allege more than a speculative injury also weigh against the third factor that the injury could outweigh the harm of issuing an injunction or TRO.

Finally, Plaintiff has not established that the issuance of injunctive relief is in the public interest. TDCJ has a legitimate penological interest in maintaining policies regarding inmate security when limiting access between prisoners, including prisoners preparing legal materials. Although TDCJ cannot entirely bar a prison from legal assistance, Plaintiff has not alleged how the policy actually prevents this assistance, particularly in Plaintiff's preparation of his own litigation.

Thus, Plaintiff's requests for injunctive relief and TROs wholly fail to meet any of the four requirements for issuances, let alone all four. Thus, his requests and motions are **DENIED**. Further, Plaintiff's requests for a hearing on these motions is **DENIED**.

### SPOLIATION, PROTECTIVE ORDER AND PROPERTY RETURN

Plaintiff requests a protective order regarding the loss of his property when legal materials and legal books are seized. ECF No. 37. Federal Rule of Civil Procedure 26(c) governs the issuance of a protective order during discovery. It provides as follows:

> (c) Protective Orders.
> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an

7

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Plaintiff has sought a protective order for matters beyond those identified above. Thus, Plaintiff's request for a protective order is **DENIED**.

Additionally, Plaintiff states that the seizure by TDCJ of Plaintiff's legal materials and books constitutes spoliation. ECF No. 42. Plaintiff seeks the return of his legal property and materials.

In *Hudson*, the Supreme Court held that an unauthorized intentional deprivation of property by a state employee does not constitute a violation to the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984). In *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988), the Fifth Circuit held that the state could afford an inmate due process by providing a post-deprivation remedy for the redress of an unforeseeable, unauthorized injury. *See id.* at 652 (dismissing without prejudice for failure to state a constitutional violation inmate's claim that prison officials took his radio and amplifier

8

from the cell of his fellow inmate and did not return it). Texas courts have acknowledged that the prison grievance system is one post-deprivation remedy. *See e.g. Pedraza v. Tibbs*, 826 S.W.2d 695 (Tex. App. – Houston [1st Dist.] 1992, *writ dism'd w.o.j.*).

In addition, Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F3d 541, 543 (5th Cir 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.—San Antonio 1978, *no writ*) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). State law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* TEX. GOV'T CODE § 501.007.

Because Texas law provides an adequate post-deprivation remedy, Plaintiff's loss of his personal property does not state a claim under the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy).

A prisoner-plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 709 F.3d at 94. Plaintiff has not filed suit in state court pursuant to § 501.007 or for conversion. Because Plaintiff has not pursued his state court remedies, he cannot allege that the post-deprivation remedy available to him is inadequate. As such, Plaintiff's claim for any property loss fails to state a cognizable constitutional claim.

9

Plaintiff argues that the seizure of his legal materials constitutes a denial of access to the courts. Access to the courts is a fundamental constitutional right placing certain obligations on the part of prison and jail official to assist inmates in realizing that right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, actual injury must be shown to establish a *Bounds* claim. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Mann v. Smith*, 796 F.2d 79, 84 (5th Cir. 1986). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis*, 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

10

Here, Plaintiff cannot establish spoliation or that he has actually injured in his legal disputes for the alleged seizures of his property. As discussed above, Plaintiff's claims that his other lawsuit in this division was dismissed as a result of legal material seizure is factually frivolous, and Plaintiff fails to allege a chronology of events that show that the other property deprivations prevented him from filing suit or litigating any case. Thus, Plaintiff's motion for spoliation is **DENIED**. Further, Plaintiff's requests to return his property do not show that he has properly pursued his state court remedy and this motion is **DENIED**. To the extent that Plaintiff received disciplinary convictions for the possession of such property, his claims for return are barred by the *Heck* doctrine.

### MAGISTRATE JUDGE AND PRIOR ORDERS

Plaintiff objects to the participation of the Magistrate Judge in this case and requests her recusal and objects to the entry of her prior orders. (ECF Nos. 44, 46). The Court **DENIES** these motions and objections.

The United States Magistrate Judge will participate in this case as a judicial officer to the extent permitted by the Constitution and the laws of the United States and this Court's orders and rules. Plaintiff has not shown that any past orders issued by the Magistrate were in violation of these laws and rules.

### CONCLUSION

For the reasons set forth above, it is **ORDERED** that the Motions for Preliminary and Permanent Injunctive Relief (ECF Nos. 2, 28), Motions for TRO (ECF Nos. 3, 5, 29, 34, 37), Motion for Hearing on these motions (ECF No. 41), Motion for Protective Order and Return of Property (ECF No. 37), and Motion for Spoliation (ECF No. 42) filed by Plaintiff are **DENIED**.

11

Plaintiff's Motion to Recuse the Magistrate Judge for failure to consent (ECF No. 44) is likewise **DENIED**, as are his objections to the Magistrate Judge's prior orders (ECF No. 46).

   **SO ORDERED.**

   July **27**, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

12