IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| GARY WAYNE WILLOUGHBY,<br>TDCJ-CID No. 01473082,<br><br>    Plaintiff,<br><br>v.<br><br>LORIE DAVIS, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   2:19-CV-087-Z-BR<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff's civil-rights Complaint brought under U.S.C. § 1983 ("Complaint") (ECF No. 1), filed April 22, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court permitted Plaintiff to proceed *in forma pauperis*. ECF No. 13. Plaintiff filed a Response to the Court's Briefing Order Questionnaire, supplementing his claims. ECF No. 33. Because the Court previously denied Plaintiff's request for injunctive relief on these claims, Plaintiff now moves to supplement his claims ("Motion"). *See* ECF Nos. 52, 57. For the reasons discussed herein, the Court **GRANTS** Plaintiff's Motion and **DISMISSES** the Complaint **WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Plaintiff makes numerous allegations against multiple Defendants. *See* ECF Nos. 1 at 1–25; 33 at 1–64. The essence of Plaintiff's claims is that Defendants — individually and as part of a retaliatory conspiracy — have denied him access to the courts and judicial process on numerous occasions. *Id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Plaintiff asserts numerous constitutional violations by multiple Defendants regarding opening his mail, confiscating his legal books and materials, denying him law library access, failing to investigate these issues, providing inadequate indigent supplies, improperly denying his grievances, and other access-to-the-courts violations. *See generally* ECF Nos. 1, 33. Plaintiff also asserts Defendants' violated his rights in retaliation for Plaintiff's filing of grievances and lawsuits. *See id.* Plaintiff sues Defendants in their official and individual capacities. *See* ECF No. 1. To the extent Plaintiff sues Defendants in their official capacities, Eleventh Amendment immunity bars Plaintiff's claims. *See Houston v. Zeller*, 91 F. App'x 956, 957 (5th Cir. 2004). The Court —

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

however — addresses Plaintiff's claims to the extent he sues Defendants in their individual capacities.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

For a prisoner to prevail on a claim that his right of access to court has been violated, the prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)) (emphasis added). To date, Plaintiff has failed to assert a "relevant actual injury" regarding any civil or criminal action before the courts. *See Lewis*, 518 U.S. at 351; *see also* ECF Nos. 1, 33.

Plaintiff now moves to supplement his claims, now alleging how specific cases were affected by Defendants' collective actions. By his Motion, Plaintiff seeks to supplement his claims with new factual allegations. Because these allegations go directly to the alleged "relevant actual

3

injury" of his access-to-the-courts claim, the Court **GRANTS** Plaintiff's Motion to Supplement and considers these claims. *See* ECF No. 57 at 1–8.

Plaintiff alleges Defendants' collective and retaliatory actions affected the following federal habeas and civil lawsuits: 2:18-CV-074-M-BR and 2:19-CV-136-Z-BR, 2:19-CV-142-M-BR. *Id.* at 1–6. Plaintiff also asserts he missed deadlines in the current case because of these actions. *See id.* By his Motion, Plaintiff also makes claims of additional confiscation of legal materials in retaliation for filing his claims. *See id.* As these are the first claims Plaintiff makes he was actually injured by any "denial" of legal research materials, law library access, or other forms of assistance or materials, the Court addresses each case in turn to determine if Plaintiff has pleaded a claim for an access-to-the-courts violation by alleging prejudice to a nonfrivolous, arguable underlying claim. *See Lewis*, 518 U.S. at 351.

In case number 2:18-CV-074-M-BR, Plaintiff filed a Section 2254 claim challenging a prison disciplinary conviction. *See Willoughby v. Director*, No. 2:18-CV-074-M-BR (N.D. Tex. 2018). Plaintiff was ineligible for relief in habeas proceedings, as he had not lost good time credits. *See id.* at ECF No. 4. The denial of his claim was not affected by any allegations contained in Plaintiff's current Complaint. Further, the case was remanded for consideration of Plaintiff's contemporaneously alleged civil rights claims, and the Court opened a new case regarding those claims: 2:19-CV-142-M-BR. *See id.* at ECF No. 24.

In case number 2:19-CV-142-M-BR, the Court afforded Plaintiff multiple opportunities to respond to deficiency orders and Plaintiff filed multiple requests to delay and extend those orders, which were granted. *See Willoughby v. Director*, No. 2:19-CV-142-M-BR (N.D. Tex. 2019), at ECF Nos. 6–12. Plaintiff then filed an interlocutory appeal challenging the Court's authority to find Plaintiff's filings deficient. *See id.* at ECF No. 14. Plaintiff — in his *numerous* filings—

demonstrated he was fully able to file documents, request deadline extensions, and pursue appellate motions. But, instead, Plaintiff resisted compliance with Court orders in a contumacious fashion. *See id.* at ECF Nos. 1–21. Plaintiff fails to articulate Complaint or supplements how his claims in case number 2:19-CV-142-M-BR were not frivolous. *See id.*

In case number 2:19-CV-136-Z-BR, Plaintiff filed another habeas petition. *See Willoughby v. Director*, No. 2:19-CV-136-Z-BR (N.D. Tex. 2019). The Court notified Plaintiff of a filing deficiency — the failure to request to proceed *in forma pauperis*. Plaintiff responded to the Court's notification. *See id.* at ECF Nos. 4–5. Plaintiff informed the Court he authorized payment of the filing fee by filing appropriate paperwork with the TDCJ Inmate Trust Fund. *See id.* at ECF No. 5. But because the fee was never received, the Court recommended Plaintiff's case be dismissed for failure to cure deficiencies. *See id.* at ECF No. 7. Plaintiff filed no objections, no motion to reopen, no appeal, and no other documents challenging this finding at any time. *See id.* Plaintiff's Response to the Deficiency indicates he had the opportunity to communicate with the Court or request an extension. *See id.* Yet Plaintiff failed to do so. *Id.* Plaintiff fails to how Defendants' actions interfered with ability to prosecute his case and, thereby, caused the case to be dismissed. And Plaintiff failed to allege facts showing his claims to be non-frivolous in nature. Because Plaintiff fails to articulate an access-to-the-courts claim by his allegations of denied legal materials, law-library access time, and seizure of legal books, the Court **DISMISSES** Plaintiff's claims **WITH PREJUDICE** as frivolous and for failure to state a claim.

Additionally, to state a claim for retaliation, a prisoner must provide more than mere conclusory allegations. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Yet Plaintiff's claims that Defendants conspired and retaliated against him for filing grievances and lawsuits are wholly conclusory. Plaintiff pursued

multiple lawsuits despite Defendants' alleged actions. Therefore, the Court **DISMISSES** Plaintiff's conspiracy and retaliation claims **WITH PREJUDICE** for failure to state a claim.

### CONCLUSION

The Court **GRANTS** Plaintiff's Motion. But for the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint brought under 42 U.S.C. § 1983.

**SO ORDERED**.

August 25, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE